# In the United States Court of Federal Claims

No. 18-1117C
(Filed December 31, 2024)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
DANIEL SANSOM,                              *
                                            *
                Plaintiff,                  *
                                            *
        v.                                  *
                                            *
THE UNITED STATES,                          *
                                            *
                Defendant.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

### REMAND ORDER

This case was remanded to the Department of Homeland Security Board for Correction of Military Records (BCMR or Board), after defendant determined that the individual who served as the separation authority reviewed all of the witness interviews and statements that were listed as enclosures to the investigating officer's report, but the BCMR had not. *See* Remand Order, ECF No. 54 at 1; Order, ECF No. 51 at 2. The Board was directed to reconsider Mr. Sansom's application, after reviewing all of the enclosures to the report, providing plaintiff's counsel with these materials, and considering supplemental arguments from plaintiff based on these materials. Remand Order, ECF No. 54 at 2.

The enclosures to the investigating officer's report included interviews of twenty-two witnesses, statements from seven witnesses (including one who was not among the interviewees), and an email statement from another witness. *See* Admin. R. (AR) 243, ECF No. 14-2 at 68. During the remand, agency counsel informed the BCMR not only that the witness interviews identified as enclosures 2-23 "could not be retrieved," but that "[a]fter consulting with the Coast Guard's [office] which was the separation authority, it was determined that enclosures 2-23 were not part of the separation packet that was reviewed and considered by the separation authority." Ex. 1 to Pl.'s Notice, ECF No. 57-1 at 1. After Mr. Sansom notified the court of this development, the government reported that a different counsel for the agency was able subsequently to locate the interviews via a "broader search" that found copies of them "in an archived folder about the broader

investigation into the command, not solely Mr. Sansom."   Status Report, ECF No. 58 at 1–2.   Because of the delay in locating these interviews and some confusion regarding delivery of unredacted copies to plaintiff's counsel, the matter could not be resolved during the initial remand period, *see* Def.'s Status Report, ECF No. 59 at 1–2, and both parties seek a continuance of the stay and an enlargement of the remand period.

Plaintiff has filed a motion seeking an extension of the remand period as well as leave to conduct limited discovery, *see* Combined Opposed Mot. for Extension of Stay & Mot. for Leave to Conduct Ltd. Disc. (Pl.'s Mot.), ECF No. 60 at 1–6, which the government opposed in the latter respect, *see* Def.'s Opp. to Pl.'s Mot. for Disc., ECF No. 63 at 1.   The government separately filed its own motion to extend the remand period for another six months.   *See* Def.'s Mot. to Extend the Remand Period, ECF No. 64 at 1.   Since Mr. Sansom also requests an extension of the remand period and did not file any opposition to the government's motion, the latter is hereby **GRANTED**.   The remand period shall terminate on **Monday, June 30, 2025**, and proceedings remain **STAYED** until that date.

Concerning Mr. Sansom's request for limited discovery, the Court recognizes that uncertainty has been injected into the process by the differing positions of government counsel.   When the BCMR determined Mr. Sansom's application, the only enclosures to the investigating officer's report it considered were the redacted witness statements which plaintiff had obtained via a request made under the Freedom of Information Act, 5 U.S.C. § 552.   *See* AR 122–43.   But government counsel has confirmed that the separation authority based his decision on all of the witness statements that were enclosed, Def.'s Status Report, ECF No. 37 at 1, which means that the Board failed to review one email statement and twenty-two witness interviews which the separation authority had consulted.   *See* AR 243.   The matter was remanded specifically so that the Board could consider these materials and any supplemental argument which Mr. Sansom might base on them.   Remand Order, ECF No. 54 at 2.   But upon remand, it seems that the office which housed the separation authority maintains that the full witness interviews were not reviewed and considered in the separation decision.   *See* Ex. 1 to Pl.'s Notice of BCMR's Inability to Fulfill Remand Order, ECF No. 57-1 at 1.

In light of this apparent discrepancy in views between the individual who was the separation authority and the office in which he had worked, Mr. Sansom requests leave to discover information regarding the contents of his separation packet and the searches conducted by agency counsel to locate the enclosures to the investigating officer's report.   *See* Pl.'s Mot. at 4.[†]   He argues that the internal

---

[†]   Mister Sansom's particular inquiries are:

contradictions of Coast Guard personnel have no explanation other than bad faith, which could justify discovery.  *Id.* at 5–6 (citing, *inter alia*, *Tippins v. United States*, 149 Fed. Cl. 556, 561 (2020)); *see also* Pl.'s Reply in Supp. of Mot. for Leave, ECF No. 65 at 2–3.   But if plaintiff is correct that the Coast Guard was required to consider all witness statements in a separation decision under Article 1.B.17.e of COMDTINST M1000.4, changing its story to claim that the documents were *not* considered is hardly the way for the Coast Guard to cover up such an error.  Confusing statements may be the product of confusion, after all, not malice.

In any event, it appears to the Court premature to consider whether any discovery is warranted, as the matter is still on remand.   Accordingly, Mr. Sansom's motion for leave to conduct limited discovery is **DENIED WITHOUT PREJUDICE**.   But the agency's differing positions require a clarification to the remand instructions.   Plaintiff may in the alternative argue that the Coast Guard failed to follow Article 1.B.17.e of COMDTINST M1000.4, in addition to any argument he bases on the enclosures to the investigating officer's report.   In addressing the former argument, the Board will have to reconcile the statements made in the government's two status reports filed as ECF No. 37 and ECF No. 58, and the letter to the Board from Lt. Teal, *see* ECF No. 57-1.   The BCMR may well find that it cannot reasonably do so without answering the questions posed by Mr. Sansom in his request for limited discovery.

Pursuant to Rule 52.2(b)(1)(A) of the Rules of the United States Court of Federal Claims (RCFC), the Court deems the following directions to be proper and just.   The case remains **REMANDED** to the BCMR for further consideration, under these directions for the parties:

(1) The remand period shall terminate on **Monday, June 30, 2025,** and proceedings in this case are **STAYED** until that date.   If the BCMR has not issued a decision on or by that date, the parties shall follow the procedures set forth in RCFC 52.2(c).

---

(1) Did Personnel Service Center have before it, in connection with, and appended to, Mr. Sansom's separation packet, a copy of all investigative enclosures?
(2) In which file did LT Teal search?
(3) Who at PSC did LT Teal speak with?
(4) Where did LT Ferguson locate the recently produced enclosures?

Pl.'s Mot. at 4.

-3-

(2) The BCMR shall continue to review all of the materials considered by the separation authority, including all enclosures to the investigating officer's report (as explained in the Court's Order dated February 28, 2023), and continue to reconsider its August 5, 2016 decision concerning Mr. Sansom.

(3) Within 45 days of the date of this Remand Order, Mr. Sansom may submit for the BCMR's consideration a supplemental paper addressing the enclosures to the investigating officer's report.   This paper may also address whether the Coast Guard followed Article 1.B.17.e of COMDTINST M1000.4 in reaching his separation decision, in light of the varying representations made by the agency and its counsel.

(4) Pursuant to RCFC 52.2(b)(1)(D), the government shall file a status report discussing the remand proceedings on or by **Monday, March 31, 2025**, and a second one on or by **Friday, June 27, 2025.**

(5) In lieu of the procedure specified in RCFC 52.2(d), the BCMR shall upon issuance email a copy of its decision on remand to Mr. Sansom's counsel (CThompson@fedpractice.com) and the government's counsel (Natalee.allenbaugh@usdoj.gov).

(6) Promptly upon receipt, defendant shall file a copy of the BCMR's decision on remand.   Within **thirty days** of the filing of the BCMR's decision, the parties shall file and serve the notices required by RCFC 52.2(e)(1).

A certified copy of this Order shall be served on the BCMR by the Clerk of the Court pursuant to RCFC 5 at the following mailing address:

>  **DHS Office of the General Counsel**
>  **Board for Correction of Military Records**
>  **Mail Stop # 0485**
>  **2707 Martin Luther King Jr. Ave., SE**
>  **Washington, DC   20528-0485**

**IT IS SO ORDERED.**

>  s/ Victor J. Wolski
>  **VICTOR J. WOLSKI**
>  Senior Judge